UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Donald and Kim Pelletier, | ) | Chapter 7 |
| | ) | Case No. 12-10316 |
| Debtors | ) | |
| | ) | |

### MEMORANDUM AND ORDER ON MOTION TO DISMISS

Deutsche Bank National Trust Company seeks to dismiss this bankruptcy case or obtain relief from stay to conclude pending rescission proceedings in the state court. At issue is the Debtors' commencement of this chapter 7 case after Deutsche Bank discharged its mortgage pursuant to a state court order. The exercise of jurisdiction by this court is not contested. See 28 U.S.C. § 1334(a) and (b); 28 U.S.C. §157(a) and (b); D. Me. Loc. R. 83.6(a). Venue is appropriate under 28 U.S.C. § 1408. This contested matter is a core proceeding under 28 U.S.C. §157(b)(2)(A), (G) and (O). The parties have consented to the entry of a final order by this court. This memorandum contains my findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, applicable pursuant to Fed. R. Bankr. P. 7052 and 9014.

### BACKGROUND

This background is taken from an opinion of the Maine Supreme Judicial Court and orders of the state trial court.[1] The Debtors sought to refinance their existing $46,000 home mortgage in 2006. They went forward believing that they would get an $80,000 fixed rate mortgage to pay off their existing mortgage and some other obligations. However, in violation of federal and state Truth-in-Lending laws, the lender did not give them several of the required

---

[1] The opinion and state court orders were supplied by the parties as an attachment to their joint pretrial memorandum.

disclosures. Of the disclosures they did receive, several were incorrect.

Two years later, the Debtors learned from Deutsche Bank, the current holder of the mortgage, that the note had an adjustable, rather than a fixed rate of interest. The Debtors fell behind in their payments and in late 2008 Deutsche Bank commenced a foreclosure action. The Debtors countered the foreclosure with a motion to dismiss and a request for rescission. The state trial court deemed the motion to dismiss to be a motion for summary judgment and set a schedule for the parties to present all the material that is pertinent to such a motion. The Debtors complied. Deutsche Bank did not and summary judgment was entered for the Debtors. Deutsche Bank appealed and the judgment was affirmed. The case was remanded to the trial court with instructions to effectuate the rescission.

On remand the trial court issued a conditional order requiring Deutsche Bank to discharge its mortgage before the hearing to determine the amount of the Debtors' tender under the rescission. Deutsche Bank was given 7 days to file a memorandum in opposition to the conditional order and was told that its failure to submit such a memorandum would be taken as its consent to the order. Deutsche Bank failed to file a memorandum in opposition; and pursuant to the order, it recorded a discharge of its mortgage. The Debtors then commenced this bankruptcy case before the hearing to determine the amount of their tender.

Alleging bad faith, Deutsche Bank filed this motion to dismiss the chapter 7 case. Alternatively, Deutsche Bank has asked for relief from stay to complete the rescission proceedings in the state court. By agreement of the parties, the matter is before me on their briefs and a stipulation of facts. The stipulation provides:

    1.    The trial court made it known that the litigation must be brought to a conclusion.

    2.       The trial court at the January 27, 2012 conference announced its intention to order Movant to first discharge its mortgage, in advance of any further hearings to determine a tender amount.

    3.       The Movant specifically noted to the court that such an order of events would leave Movant open to the likelihood of an immediate Chapter 7 filing by the Debtors given the unsecured status of Movant, which the trial court responded it fully understood, and that it understood the effect of such an order.

    4.       The trial court, over Plaintiff's verbal objection on that January 27, 2012 date, ordered counsel to file a memorandum if they disagreed with the suggested process. As the court noted in its February 29, 2012 order, ordering the mortgage discharge: "Plaintiff was ordered to file a memorandum within 7 days if it disagreed with the proposed process. The order indicated that the plaintiff's failure to file such a memorandum would be considered as plaintiff's consent to the proposed process. The plaintiff did not file a memorandum.

## DISCUSSION

Deutsche Bank urges me to dismiss the case under 11 U.S.C. § § 105(a) and 707(a). Section 105(a) is not "a roving commission to do equity."[2] Bessette v. Avco Financial Services, Inc., 230 F.3d 439, 444 (1st Cir. 2000). Rather, it permits a court to utilize its equitable powers to enforce a specific code provision. Id. The only Bankruptcy Code provision cited by Deutsche Bank is §707(a), which permits dismissal for cause, including three specific grounds that are not applicable here. Bad faith is the cause asserted by Deutsche Bank. This contention lacks merit under the circumstances of this case. According to the stipulation, Deutsche Bank consented to the order requiring that it record its mortgage discharge before the Debtor's tender knowing that a bankruptcy may ensue. As such its consent was a waiver of whatever right Deutsche Bank may have had to oppose the Debtors' bankruptcy on bad faith grounds. See Irons v. F.B.I., 811 F.2d 681, 686 (1st Cir. 1987)(waiver is a "purposeful relinquishment of an appreciated right").

---

[2] Unless otherwise indicated, all references to statutory sections are to the Bankruptcy Reform Act of 1978 ("Bankruptcy Code"), as amended, 11 U.S.C. § 101 et seq.

3

Therefore, neither section 707(a) nor section 105(a) provide a basis for dismissal and the motion to dismiss is denied.

Relief from stay will be granted solely for a determination of the tender amount as the liquidation of the Deutsche Bank's unsecured claim.

Finally, in its original motion Deutsche Bank asked that the deadline to object to dischargeability be enlarged. It abandoned that request by failing to pursue it. The request for an enlargement of time is denied.

SO ORDERED.

DATED: January 23, 2013

_____
Louis H. Kornreich
U. S. Bankruptcy Judge